UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CLINTON STRANGE,

        Plaintiff,                           No. 19-10607

v.                                       District Judge Victoria A. Roberts
                                             Magistrate Judge R. Steven Whalen

TEXT RIPPLE, INC.,

        Defendant.

_____/

**OPINION AND ORDER**

On February 28, 2019, Plaintiff filed a *pro se* civil complaint against corporate Defendant Text Ripple, Inc. ("Text Ripple"), alleging violations of the Telephone Consumer Protection Act. Before the Court is Plaintiff's Motion for Leave to File for Default Judgment or Alternatively to Move the Court to Enforce a Settlement Agreement [ECF No. 26]. For the reasons discussed below, the Plaintiff's request to enforce a settlement agreement is DENIED, but his request for leave to file a motion for default judgment is GRANTED.

**I.    FACTS**

In his complaint, Plaintiff states that Defendant Text Ripple is a Michigan Corporation whose registered agent is Keith Gloster, 45658 Rathmore Drive, Macomb, MI, 48044. *Complaint,* ECF No. 1, PageID.3.  Plaintiff himself is a resident of Louisiana. *Id*. On July 1, 2019, Plaintiff filed a motion to extend the time for service or process, stating that he received an email from Mr. Hans Hegge, who was listed as the president of Text Ripple, indicating that Text Ripple was sold to another company in 2017. [ECF No. 13, PageID.119]. In his motion, Plaintiff stated that "after an exhaustive investigation," he

learned that the new owner was Simplismarter, Inc., a Massachusetts corporation whose registered agent is Business Filings Incorporated, 155 Federal Street, Suite 700, Boston, MA, 02110. *Id*., PageID.119-120. On August 9, 2019, Plaintiff filed a motion for Marshal's service on Text Ripple's newly identified registered agent, Business Filings Incorporated [ECF No. 14, PageID.132-135]. On September 19, 2019, in response to the Court's order for supplemental briefing, Plaintiff filed a supplemental brief stating that "[o]n July 15, 2019, an unknown party dissolved Text Ripple." [ECF No. 16, PageID.146]. Attached as an exhibit was a printout from the Michigan Department of Licensing and Regulatory Affairs ("LARA") listing the last registered agent as Keith Gloster. *Id*., PageID.150.

On October 18, 2019, the Court entered an Order Regarding Service [ECF No. 17, PageID.155-164].[1] The Court accepted Plaintiff's allegation that Text Ripple was dissolved on July 15, 2019, and noted that Plaintiff first attempted service before that date. However, it was unclear whether or not Text Ripple had completed winding up its corporate affairs by that date. If it had, then Text Ripple would not be the proper Defendant, but if it was in fact still winding up its corporate affairs, it would be. *Id*., PageID.160-161, citing *Tax Increment Finance Auth. v. Liberty Mutual Ins. Co*., 771 F.Supp.2d 791, 794 (E.D. Mich. 2011). Nevertheless, given that Text Ripple's dissolution was recent, the Court found that "there is a distinct possibility that it has not yet wound up its affairs and remains subject to service." *Id*., PageID.162. However, the Court found that service on the Massachusetts corporation would not be effective service on Text Ripple, and ordered Marshal's service on Hans Hegge, its former

---

[1] The order was entered by then-Magistrate Judge, now District Judge Stephanie Dawkins Davis. The case was reassigned to me on August 30, 2020 [ECF No. 25].

owner/president:

> "For the reasons stated above, the undersigned GRANTS Strange's motion for an extension of time to serve the summons and complaint. Further, the court ORDERS Strange to provide the address for Text Ripple's president, Hans Hegge, within 21 days of entry of this order. Upon receipt of the referenced information, the court will issue an order directing the United States Marshals Service to effectuate service on Text Ripple via its last president by serving the summons and a copy of the complaint on him in accordance with Michigan Court Rule 2.105(D)(3)." *Id.*, PageID.163.

On July 2, 2020, a Return of Service was filed showing that on February 10, 2020, Hans Hegge signed a receipt for the summons and complaint, which was sent to him by certified mail [ECF No. 22]. Plaintiff requested entry of default [ECF No. 23], and on July 30, 2020, the Clerk's Office entered a default against Defendant Text Ripple [ECF No. 24].

Plaintiff has also attached to his present motion a purported transcript of a telephone conversation he had with one Jaret Christopher "from Text Ripple" on March 13, 2020. ECF No. 26, PageID.202-206. Plaintiff suggests that during the course of this conversation, he and Mr. Christopher agreed to settle the case.

## II.   DISCUSSION

### A.   Settlement Agreement

"Settlement agreements are a type of contract and are therefore governed by contract law." *Bamerilease Capital Corp. v. Nearburg*, 958 F.2d 150, 152 (6th Cir. 1992). Therefore, "whether a settlement agreement is a valid contract between the parties is determined by reference to state substantive law governing contracts generally." *Id*. In Michigan (as in most, if not all American jurisdictions), "[t]he primary goal in the construction or interpretation of any contract is to honor the intent of the parties." *Rasheed v. Chrysler Corp.*, 445 Mich. 109, 127 n. 28, 517 N.W.2d 19 (1994). But even where there is a written memorialization, or where an agreement is placed on the record,

it may not be enforceable if there is still ambiguity or uncertainty as to the parties' mutual understanding of all material terms. *See Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 -420 (6th Cir. 2000). "The Court must have a measure of confidence and certainty that the parties have in fact share a meeting of the minds as to all material terms." *Audi v. Shokan Coachworks, Inc*., 2006 WL 2811272, at *4 (E.D. Mich. Sept. 28, 2006)(Whalen, M.J.). The grant or denial of a motion to enforce a settlement agreement is entrusted to the court's discretion. *Re/Max International, Inc. V. Realty One, Inc*., 271 F.3d 633, 646 (6th Cir.2001).

There are several problems with Plaintiff's contention that he reached an enforceable settlement agreement with Text Ripple. The typed transcript that Plaintiff submitted is not authenticated and may or may not accurately reflect what was discussed. Additionally, it is unclear from the transcript whether Mr. Christopher has the authority to enter into a settlement on behalf of Text Ripple. He purports to say that he bought the company "probably two years ago," but that he has "completely abandoned the business." ECF No. 26, PageID.202. Service was ordered on Hans Hegge, the former owner, and Plaintiff previously stated that it was Simply Smarter, the Pennsylvania corporation, which was Text Ripple's successor. In addition, it is unclear that Plaintiff and Mr. Christopher reached a firm agreement. They discussed the possibility that Plaintiff could seek damages from the Massachusetts company's (Simply Smarter's) franchisee. When Plaintiff states, "And I'm still gonna go after the franchisee," Mr. Christopher replies, "Go after them. They were the ones that sent the messages...We had been hacked, uh, as far as a virus, on our WordPress website but those messages came from a spooky, uh, factory. (laughs) Not us." *Id*., Page ID.203-204. He indicates he might "go 500 bucks," and Plaintiff replies, "I'll go 650 if you give up the franchisee." *Id*., PageID.204. Mr.

Christopher states that he thinks the franchisee is in Texas, and indicates he might settle for $650 if he could obtain and send some information about the franchisee. *Id.*, PageID.204-205. He says he will send Plaintiff a follow-up email by the following Monday. *Id.*, PageID. 205-206. However, Plaintiff has not provided any information that Mr. Christopher indeed followed up.

So, we have an unauthenticated transcript of a conversation with someone who may or may not have authority to bind a company that may or may not still be in business, and who indicates he will, in addition to paying $650 to clear up the matter, provide information he may or may not be able to obtain about a franchisee of the Massachusetts company that may or may not be located in Texas. And although he says he will follow up with an email, he does not do so. Apart from the question of whether Mr. Christopher had the authority to enter into a settlement, this does not give me much confidence that there was a meeting of the minds, or that Mr. Christopher had the intent to enter into a binding agreement.  And finally, we do not have personal jurisdiction over Mr. Christopher.

Therefore, the Plaintiff's motion to enforce a settlement agreement will be denied.

## B.   Default Judgment

Although Plaintiff's motion does not provide any substantive arguments in support of a default judgment, he merely asks for leave to file such motion.  Because Mr. Hegge was served and the Clerk has entered a default, Plaintiff does appear to have a basis under Fed.R.Civ.P. 55(b) to request a default judgment.

## III.   CONCLUSION

Plaintiff's motion [ECF No. 26] is DENIED to the extent that he seeks enforcement of a settlement agreement.

The motion is GRANTED to the extent that Plaintiff may file a motion for default judgment.

IT IS SO ORDERED.

                                                        s/ R. Steven Whalen
                                                        R. STEVEN WHALEN
                                                        UNITED STATES MAGISTRATE JUDGE

Dated: March 22, 2021

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 22, 2021, electronically and/or by U.S. mail.

                                                        s/Carolyn M. Ciesla
                                                       Case Manager